## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WERNER AERO SERVICES, On Behalf Of Itself And All Others Similarly Situated, | Case No.: _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A.L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC. and UNITED COMPONENTS, INC., | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff, Werner Aero Services ("Plaintiff"), on behalf of itself and all others similarly situated, by and through its undersigned attorneys, alleges, upon knowledge as to its own acts and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1.     The crux of this action involves an anticompetitive conspiracy in the aftermarket among the largest manufacturers of oil, air, fuel and transmission filters ("Filters") to fix, raise, maintain or stabilize prices, rig bids and allocate customers for Filters in the United States, in violation of Section 1 of the Sherman Act.

2.     This action stems in part from a sworn affidavit executed on March 25, 2008 by a former senior sales executive of two of the Defendants, employed during the Class Period (as defined below), in litigation pending in the Southern District of Illinois against Defendant

Champion.  See Champion Laboratories, Inc. v. Burch, 06-CV-4031 (JPG) (S.D. Ill.) (the

"Champion Action").  The affidavit described herein -- along with additional specific allegations

described below -- details Defendants' price-fixing conspiracy and unlawful conduct.

3.    As a result of Defendants' unlawful conduct, Plaintiff and the Class have been

forced to pay artificially inflated prices for Filters resulting in injury to their business or property.

## JURISDICTION AND VENUE

4.    This Complaint is filed under Section 4 and 16 of the Clayton Act, 15 U.S.C.

§§ 15 and 26, to prevent and restrain violations of and to recover treble damages, equitable relief,

expenses and costs of suit for injuries sustained by Plaintiff and the Class resulting from

Defendants' violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

5.    This Court has jurisdiction over the claims alleged herein under 28 U.S.C.

§§ 1331, and 1337.

6.    Defendants resided, transacted business, were found, or had agents in this district

during the Class Period, and a substantial portion of the affected interstate trade and commerce

described herein has been carried out in this district.  Venue is proper in this judicial district

under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. §§ 15(a).

## INTERSTATE COMMERCE

7.    The activities of Defendants were within the flow of, and substantially affected,

interstate commerce.

8.    During the Class Period, Defendants manufactured and sold and/or distributed

substantial quantities of Filters in a continuous and uninterrupted flow of interstate and

international commerce to customers located throughout the United States.

## THE PARTIES

9.     Plaintiff, Werner Aero Services, is a New Jersey corporation with its principle place of business at 7 Pearl Court, Allendale, New Jersey 07401. Werner purchased Filters in the United States from one of more of the Defendants during the Class Period.

10.     *Defendant Purolator Filters N.A. L.L.C. ("Purolator Filters")* manufactured and sold Filters in the United States during the Class Period. Defendant Purolator Filters is a limited liability corporation and maintains its principal place of business at 3200 Natal St. Fayetteville, NC 28306-2845.

11.     *Defendant Mann + Hummel U.S.A. ("Mann")* is a company located in Portage, Michigan. Defendant Mann's principal place of business is at 6400 S. Sprinkle Road, Portage, MI 49002.

12.     *Defendant United Components, Inc. ("United Components")* is a leading supplier to the vehicle replacement parts market, or the aftermarket, with top three market positions in each of our product lines. Defendant United Components supply a broad range of filtration, fuel, cooling and engine management products to the automotive, trucking, industrial, construction, agricultural, marine and mining vehicle markets. Over 85% of defendant United Components' 2007 net sales were made to a diverse aftermarket customer base that includes some of the largest and fastest growing companies servicing the aftermarket. Defendant United Components is a located at 14601 Highway 41 N. Evansville, IN 47725-9357. Further, Champion Laboratories, Inc. is a wholly-owned subsidiary of United Components. Champion Laboratories, Inc. and United Components are herein collectively referred to as "Champion."

13.     *Defendant Bosch U.S.A. ("Bosch")* is a company located at 38000 Hills Tech Drive, Farmington Hills, MI 48331.

14.    *Defendant Honeywell International ("Honeywell")* manufactured and sold Filters in the United States during the Class Period. Defendant Honeywell is a corporation located at 100 Columbia Road, Morristown, NJ 07962. Further, Honeywell International Consumer Products Group is a division of Honeywell located in Danbury, Connecticut, and is responsible for the manufacture and sale of Filters, principally under the FRAM® brand.

15.    *Defendant Wix Filtration Corp. LLC ("Wix")* is a limited liability company with a business address at One Wix Way, Gastonia, NC. 28054. Defendant Wix manufactured and sold Filters in the United States during the Class Period.

16.    *Defendant Baldwin Filters, Inc. ("Baldwin")* manufactured and sold Filters in the United States during the Class Period. Defendant Baldwin is located at 4400 East Highway 30, Kearney, NE 68848-6010.

17.    *Defendant The Donaldson Company ("Donaldson")* manufactured and sold Filters in the United States during the Class Period. Defendant Donaldson is located at 1400 West 94th St., Minneapolis, MN 55431.

18.    *Defendant Champion Laboratories, Inc. ("Champion")* manufactured and sold Filters in the United States during the Class Period. Defendant Champion is a corporation headquartered at 200 S. Fourth St., Albion, IL 62806.

19.    *Defendant ArvinMeritor, Inc. ("ArvinMeritor")* is located at 2135 West Maple Road, Troy, MI 48084. Prior to April 2006, defendant Purolator Filters was owned by defendant ArvinMeritor. Defendant Purolator Filters, Bosch, Man and ArvinMeritor are herein collectively referred too as "Purolator."

4

20.     *Defendant Cummins Filtration Inc. ("Cummins")* manufactured and sold Filters in the United States during the Class Period. Defendant Cummins is a wholly-owned subsidiary of Cummins, Inc. and is headquartered at 2931 Elm Hill Pike, Nashville, TN 37214.

## CO-CONSPIRATORS

21.     Any references made in this Complaint to any act, deed or transaction of any corporation, means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control or transaction of the corporation's business affairs.

22.     The acts alleged in this Complaint by Defendants were performed by their officers, directors, agents, employees or representatives while engaged in the management, direction, control or transaction of Defendants' business affairs.

23.     Various other persons, firms and corporations not named as Defendants herein have participated as co-conspirators in the violations alleged herein, and have aided, abetted and performed acts and made statements in furtherance thereof.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this as a class action against Defendants under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following Class:

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates and co-conspirators, and government entities) who purchased Filters in the United States directly from the Defendants or any of their predecessors, parents, subsidiaries, or affiliates, at any time during the period from January 1, 1999 to the present.

25.     Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendants or their co-conspirators due to the nature of

the trade and commerce involved.   However, Plaintiff believes that Class members are sufficiently numerous and geographically dispersed so that joinder of all Class members is impracticable.

26.   Plaintiff is a member of the Class, and Plaintiff's claims are typical of the claims of the Class members and Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff is a direct purchaser of Filters and its interests are consistent with, and not antagonistic to, those of the other members of the Class.   In addition, Plaintiff is represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation.

27.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   The Common questions of law and fact include:

    (a)   Whether Defendants and their co-conspirators engaged in a contract, combination or conspiracy to fix, raise, maintain or stabilize prices of Filters, rig bids or allocate customers for Filters;

    (b)   Whether Defendants' contract, combination or conspiracy as alleged in this Complaint violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

    (c)   Whether the wrongful conduct of Defendants and their co-conspirators caused antitrust injury to the business or property of Plaintiff and other members of the Class;

    (d)   The effect of Defendants' conspiracy on the prices of Filters sold to purchasers in the United States during the Class Period;

    (e)   The appropriate nature of class-wide equitable relief; and

(f)    The appropriate measure of damages sustained by Plaintiff and other members of the Class.

28.    These questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

29.    A class action is superior to other methods for fair and efficient adjudication of this controversy. Treatment as a Class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by Class members who otherwise could not afford to litigate an antitrust claim such- as is asserted in this Complaint. This Class action presents no difficulties in management that would preclude maintenance as a class action.

30.    Finally, the Class is readily definable and is one for which records likely exist in the files of Defendants and their co-conspirators.

**INDUSTRY BACKGROUND**

31.    Oil, air, fuel and transmission filters are primarily sold into two separate channels: (i) to Original Equipment Manufacturers ("OEM") and (ii) to aftermarket sellers of replacement Filters ("Aftermarket Sellers").

32.    OEMs purchase filters for use in connection with new vehicles. These filters are installed in vehicles during the production process.

33.    Aftermarket Sellers purchase Filters directly from Defendants for wholesale or retail sale to the public either (i) in connection with professional services rendered to an indirect

purchaser (*i.e.*, an oil filter sold to a customer as part of an oil change) or (ii) for individual to replace their own Filters.

34.    Defendants are the primary manufacturers of Filters purchased by Aftermarket Sellers, and this Action involves a conspiracy to fix the prices for replacement Filters bought by these direct purchasers.

35.    The United States Fitters markets are highly concentrated, with just a handful of major producers manufacturing and producing these products.  This concentration, as well as interlocking business arrangements, assisted Defendants in successfully implementing their conspiracy.  For example, in or around April 2006, defendant ArvinMeritor sold defendant Purolator to defendants Bosch and Mann + Hummel.   Bosch and Mann + Hummel intend to operate Purolator as a joint venture.  Defendants Bosch and Mann + Hummel now operate defendant Purolator as a joint venture.  Mann + Hummel CEO Dieter Seipler has stated that "it was a natural alliance because Bosch is a major private-brand customer for Mann + Hummel in Europe and inn other regions of the world."

36.    Annual revenues for Filters markets in the United States are approximately $3 billion to $5 billion.

**Filter Background**

37.    Oil filters are used to decontaminate oil that contains suspended impurities.  A major application is in forming part of the lubrication system of engines in which filters are typically detachable units due to the need for regular service or replacement.  The filtration of oil in engines is essential for enhancing longevity and performance.

38.    Fuel filters are essential in helping to protect fuel system components from contaminants that may be in the fuel.  These contaminants can plug fuel injectors or carburetors, causing engine malfunction and deterioration.  Dirt, rust, scale and water are the major impurities

present in fuel. These impurities can originate from dirty and rusty service station storage tanks and, as the vehicle ages, from corrosion within the fuel system components. Fuel filters improve a vehicle's performance, as the fewer contaminants present in the fuel, the more efficiently it can be burnt.

39.    An air filter is a device which removes solid particulates such as dust, pollen, mold, and bacteria from air. Air filters are used in applications where air quality is important, notably in building ventilation systems and in engines, such as internal combustion engines, gas compressors, diving air compressors, gas turbines and others. Most fuel-injected vehicles use a pleated paper filter element in the form of a flat panel.

40.    A transmission filter prevents harmful contaminants from entering the hydraulic systems where they can increase wear and cause scoring and sticking of hydraulic control valves. Additionally, if a major part fails inside the transmission, the filter may prevent pieces of that part from contributing to a more catastrophic transmission failure. Normally transmission filters trap metal chips from hard parts like gears and bushings and the normal fine material that results from wear of the hydraulic clutch facings and bands.

41.    Filters are typically detachable units that require regular service or replacement. They are essentially fungible products.

**DEFENDANTS' UNLAWFUL CONDUCT**

42.    During the Class Period, Defendants conspired, contracted or combined to fix, raise, maintain or stabilize prices, rig bids and allocate customers for Filters in the United States. Upon information and belief, Defendants accomplished this through, inter alia, face-to-face meetings at industry trade shows and other locations and through the exchange of confidential communications regarding pricing.

43.   The purpose of these secret, conspiratorial meetings, discussions and communications was to ensure that all of the Defendants agreed to participate in and implement an unlawful continuing price-fixing scheme.

44.   As a result of their unlawful agreement, Defendants implemented at least three coordinated price increases, rigged bids and allocated customers for Filters during the Class Period.

45.   Defendants' unlawful conduct took many forms, including, but not limited to:

    (a)   Attending meetings and/or otherwise engaging in discussions in the United States and elsewhere by telephone, facsimile and electronic mail regarding the sale of Filters;

    (b)   Agreeing to charge prices for Filters at specified levels, allocate customers, and otherwise fix, increase, maintain or stabilize the prices of Filters sold to purchasers in the United States;

    (c)   Agreeing not to compete for one another's customers by, among other things, not submitting prices or bids to certain customers, or by submitting intentionally high prices or bids to certain customers;

    (d)   Selling Filters to customers in the United States and elsewhere at collusive and non-competitive prices pursuant to the agreement reached;

    (e)   Accepting payment for Filters sold in the United States and elsewhere at collusive and non-competitive prices;

    (f)   Communicating with one another to discuss the prices, customers, markets and price levels of Filters sold in the United States;

    (g)   Giving authority to employees' participation in furtherance of the conspiracy; and

    (h)   Fraudulently concealing the conspiracy through various means.

46.   Upon information and belief, beginning as early as January 1, 1999 and continuing thereafter, Defendants had numerous confidential discussions with each other and

exchanged extensive communications regarding pricing and customers. This conspiratorial conduct resulted in an unlawful agreement to fix, raise, maintain or stabilize prices, rig bids and allocate customers for Filters in the United States. Defendants acted in furtherance of their scheme by, inter alia: (i) having their officers and/or representatives meet at industry trade shows and other locations to set prices and (ii) exchanging confidential information regarding pricing.

47.     On January 19, 2006, William G. Burch ("Burch"), a former employee of both Purolator and Champion, filed a complaint against Champion in state court in Tulsa, Oklahoma, alleging, among other things, that Mr. Burch was wrongfully terminated form his employment with Champion for knowing about, and subsequently reporting to authorities, the antitrust.

48.     Upon information and belief, in May 1999, at the Heritage Show trade convention in Nashville, Tennessee, representatives of Defendants agreed in face-to-face meetings, on behalf of their respective employers, to raise prices for Filters, and Defendants later raised prices pursuant to the wrongful agreements reached.

49.     Upon information and belief, on June 28, 1999, a Purolator senior executive faxed to an executive at Honeywell a letter announcing a 6% price increase on all Purolator-branded Filters, effective August 15, 1999, but failed to send a price increase notification to Purolator's customer's until July 14, 1999.

50.     Upon information and belief, in or around February 2004, at a meeting of Champion sales representatives, Champion's President informed his sales team of Champion's proposed price increase, and instructed them to make sure Champion's competitors followed suit in terms of timing and amount pursuant to the wrongful agreements previously reached by Defendants.

11

51.    Upon information and belief, the Champion sales representatives followed the directive and met with Defendants' representatives to further the conspiracy.

52.    In short, Defendants engaged in repeated and ongoing face-to-face meetings to further their anticompetitive scheme.    Upon information and belief, many of these meetings occurred at the annual Filter Manufacturers Council (the "Council") meeting held in Nashville, Tennessee. The Council was comprised of the Defendants and other industry participants.    The Filter Manufacturer's Council meeting was used as a vehicle to further the anti-competitive purposes of Defendants' unlawful conspiracy.

53.    Upon information and belief, in a 2004 internal company email with the subject line "Price Increases," Champion confirmed that the other Defendants were "on board" with the amount of a coordinated price increase.

54.    On March 25, 2008, Burch executed an affidavit under oath in connection with the Champion Action.  The affidavit, which is made on the basis of personal knowledge, states as follows:

> Burch "became aware that Champion was involved in the activities with Champion's competitors that constitute price-fixing. For example, Champion provided information concerning price increases to competitors before it provided that information to consumers or to the general public. Champion was also given advance information about price increases by its competitors. Further information is set forth accurately and in detail in the mediation statement dated September 21, 2007, that I understand will be filed under seal in this case."

> Burch also stated that "[d]uring the time I worked for Champion, I was directed by Champion to conduct discussion regarding 'pricing' with employees of competitors of Champion. I refused to conduct those discussions."

55.    Pursuant to their unlawful agreement, Defendants each instituted similar price increases for Filters during the Class Period, including in 1999, early 2004 and late 2004 early 2005.  These price increases were approximately 4%-6% each.

56.    Defendants' conduct during the Class Period in collusively fixing, increasing, maintaining or stabilizing prices, rigging bids and allocating customers was for the sole purpose of foreclosing price competition in order to maintain artificially high prices for their Filters.

57.    By coordinating their pricing activities and allocating customers, Defendants have removed from Plaintiff the ability to constrain Defendants' pricing by moving (or threatening to move) its Filter business from one defendant to another in response to price increase.

58.    Absent their coordinated activity, Defendants would have been forced to price Filters competitively or risk losing the significant business of their Filter customers, including Plaintiff's business.  With unrestrained competition, Defendants would have been forced to forego their price increases altogether, implement smaller ones, or even decrease their prices in order to retain these customers.

59.    The likelihood that Defendants would have moderated their price increases or, indeed, decreased their prices is particularly strong in the face of Champion's developments in filter technology, which have reduced the amount of steel used in its Filters.

60.    As a result of Defendants' unlawful conspiracy, Plaintiff has been forced to pay supra-competitive prices for Defendants' Filters.

**FRAUDULENT CONCEALMENT**

61.    Defendants fraudulently concealed their participation in the conspiracy alleged herein by, *inter alia*, engaging in secret meetings and communications in furtherance of the conspiracy, and by holding themselves out to the public and their customers, including Plaintiff, as true competitors.

62.     Because of such fraudulent concealment and the inherently self-concealing nature of this conspiracy, Plaintiff had no knowledge of Defendants' unlawful scheme and could not have discovered the existence of this conspiracy until shortly before this action was commenced.

63.     Defendants concealed their unlawful conspiracy in several ways, including public announcements that the price increases were due to the increases in the price of steel and that they were meeting the price increases of their competitors.

64.     As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitation otherwise applicable to the allegations herein have been tolled.

## CLAIM FOR RELIEF

### (Sherman Act Section 1 - Horizontal Price-Fixing Against All Defendants)

65.     Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

66.     Beginning at least as early as January 1, 1999 through the present, Defendants contracted, combined or conspired to fix, raise, maintain or stabilize prices, rig bids and allocate customers of Filters in the United States, the purpose and effect of which is to maintain artificially inflated and supra-competitive prices for their Filters.  This conspiracy among horizontal competitors of Filters affected interstate commerce and is illegal *per se* under Section 1 of the Sherman Act, 15 U.S.C. § 1.

67.     This conspiracy consists of a continuing understanding and concert of action among Defendants to coordinate their Filter prices.

68.     This conspiracy has foreclosed and restrained competition among Defendants, and caused Plaintiff and the Class to pay artificially high prices for Defendants' Filters.

69.    As a direct and proximate result of the unlawful conduct of Defendants and their co-conspirators; as alleged herein, Plaintiff and other members of the Class have been injured in their business and property in an amount not presently known.  The injury consists of having to pay more during the Class Period for Filters than they otherwise would have paid but for Defendants' unlawful conduct. Plaintiff's injury is the type the antitrust laws were designed to prevent and flows from that which makes Defendants' conduct unlawful.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of the Class proposed in this Complaint, respectfully requests the following relief:

A.    That the Court certify the Class pursuant to Fed. R. Civ. P. 23(a),(b)(2) and (b)(3), and adjudge Plaintiff to be an adequate representative thereof;

B.    That the acts alleged herein be adjudged and decreed to be per se unlawful restraints of trade in violation of Section 1 of the Sherman Act;

C.    That the Class recover three-fold the damages determined to have been sustained by them, and that joint and several judgments he entered against Defendants in favor of the Class;

D.    That the Class recover the costs and expenses of suit, pre- and post judgment interest, and reasonable attorney fees as provided by law;

E.    That Defendants be enjoined from entering into the unlawful Agreements discussed above; and

F.    The Class be granted such other, further relief as may be determined to be just, equitable end proper by this Court.;

Dated:  May 9, 2008

**DRESCHER & SHARP, PC**

By: _____

Kevin Sharp (TN BPR # 016287)
1720 West End Ave., Suite 300
Nashville, TN 37203
Telephone: (615) 425-7111
Email: ksharp@dsattorneys.com

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Mel E. Lifshitz
Ronald J. Aranoff
Gregory M. Egleston
10 East 40th Street, 22nd Floor
New York, NY  10016
Telephone: (212) 779-1414
Email: lifshitz@bernlieb.com
Email: aranoff@bernlieb.com
Email: egleston@bernlieb.com

JS 44 (Rev 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WERNER AERO SERVICES, On Behalf Of Itself And All Others Similarly Situated | CHAMPION LABORATORIES, INC. et al. |

| (b) County of Residence of First Listed Plaintiff **Bergen** (EXCEPT IN U.S PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES  USE THE LOCATION OF THE LAND INVOLVED |
|---|---|

| (c) Attorney's (Firm Name Address and Telephone Number) Kevin H. Sharp, 1720 West End Ave, Ste. 300 Nashville, TN 37203 | Attorneys (If Known) |
|---|---|

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U S Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 810 Selective Service |
| (Excl Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | to Justice |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | State Statutes |
| | Other | | ☐ 465 Other Immigration | | |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN  (Place an X in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 4 and 6 of the Clayton Act, 15 U.S.A. Sections 15 and 26

Brief description of cause:
Antitrust

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____     DOCKET NUMBER _____

DATE
5-9-08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE ECHOLS   MAG JUDGE   JUDGE GRIFFIN

3  08  0474

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Middle | District of | Tennessee |
| --- | --- | --- |

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC et al.

CASE NUMBER:     **3   08   0474**

TO: (Name and address of Defendant)

United Components, Inc.
C/o CT Corporation System, Registered Agent
251 East Ohio Street, Suite 1100
Indianapolis, IN 46204

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H. Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**

CLERK

(By) DEPUTY CLERK

MAY — 9 2008

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Middle | District of | Tennessee |

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

V.

CHAMPION LABORATORIES, INC. et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:  **3  08  0474**

TO: (Name and address of Defendant)

ArvinMeritor, Inc.
C/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H. Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

KEITH THROCKMORTON

DATE  MAY – 9 2008

CLERK

(By) DEPUTY CLERK

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Middle | District of | Tennessee |
|---|---|---|

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V

CHAMPION LABORATORIES, INC  et al.

CASE NUMBER:    **3  08  0474**

TO: (Name and address of Defendant)

    Bosch USA
    C/o Robert Bosch LLC
    38000 Hills Tech Drive
    Farmington Hills, MI 48331

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Kevin H. Sharp
    Drescher & Sharp, PC
    1720 West End Avenue, Suite 300
    Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**

MAY – 9 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Middle _____  District of  _____ Tennessee _____

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC  et al.

CASE NUMBER:   3  08  0474

TO: (Name and address of Defendant)

Mann + Hummel U.S.A
C/o Corporation Service Company, Registered Agent
2908 Poston Avenue
Nashville, TN 37203

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service

MAY - 9 2008

**KEITH THROCKMORTON**

CLERK

(By) DEPUTY CLERK

DATE

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Middle | District of | Tennessee |
|---|---|---|

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

V.

CHAMPION LABORATORIES, INC  et al

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:    3   08   0474

TO: (Name and address of Defendant)

Baldwin Filters, Inc
C/o CT Corporation System, Registered Agent
Suite 500
301 South 13th Street
Lincoln, NE 68508

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H. Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**

MAY ⎯ 9 2008

CLERK

RM

(By) DEPUTY CLERK

DATE

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Middle | District of | Tennessee |

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC  et al

CASE NUMBER:    **3   08   0474**

TO: (Name and address of Defendant)

The Donaldson Company
C/o CT Corporation System, Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**

MAY - 9 2008

CLERK

_Rm_

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Middle | District of | Tennessee |
|--------|-------------|-----------|

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC et al

CASE NUMBER:  **3  08  0474**

TO: (Name and address of Defendant)

Cummins Filtration Inc.
C/o Corporation Service Company, Registered Agent
2908 Poston Avenue
Nashville, TN 37203

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H. Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service

**KEITH THROCKMORTON**

CLERK

(By) DEPUTY CLERK

MAY - 9 2008

DATE

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Middle | District of | Tennessee |

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC  et al.

CASE NUMBER:     **3   08   0474**

TO: (Name and address of Defendant)

Wix Filtration Corporation, LLC
C/o CT Corporation System, Registered Agent
225 Hillsborough Street
Raleigh, NC 27603

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H. Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**

MAY - 9 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Middle _____ District of _____ Tennessee

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V

CHAMPION LABORATORIES, INC  et al

CASE NUMBER:    **3    08    0474**

TO: (Name and address of Defendant)

Honeywell International, Inc
C/o Corporation Services Company, Registered Agent
2908 Poston Avenue
Nashville, TN 37203

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H. Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**

MAY - 9 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Middle _____ District of _____ Tennessee _____

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC. et al

CASE NUMBER:   3  08  0474

TO: (Name and address of Defendant)

> Purolator Filters N.A. L.L.C.
> C/o Corporation System Company, Registered Agent
> 327 Hillsborough Street
> Raleigh, NC 27603

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Kevin H. Sharp
> Drescher & Sharp, PC
> 1720 West End Avenue, Suite 300
> Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service

**KEITH THROCKMORTON**                                    MAY - 9 2008

CLERK                                                                        DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Middle _____ District of _____ Tennessee

WERNER AERO SERVICES, On Behalf Of Itself
And All Others Similarly Situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC  et al

CASE NUMBER:      3   08   0474

TO: (Name and address of Defendant)

Champion Laboratories, Inc.
C/o CT Corporation System, Registered Agent
208 South LaSalle Street, Suite 814
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin H. Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

KEITH THROCKMORTON                              MAY  −  9 2008

CLERK

(By) DEPUTY CLERK                                DATE